**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IVAN M. BARON Individually and on Behalf of all Others Similarly Situated, | Case No.: 1:22-cv-00163 <br><br> <u>CLASS ACTION</u> |
| Plaintiff, <br><br>     v. <br><br> TALKSPACE, INC., OREN FRANK, MARK HIRSCHHORN, HEC SPONSOR LLC, DOUGLAS L. BRAUNSTEIN, DOUGLAS G. BERGERON, JONATHAN DOBRES, ROBERT GREIFELD, AMY SCHULMAN, THELMA DUGGIN, HUDSON EXECUTIVE CAPITAL LP, and HEC MASTER FUND LP, <br><br> Defendants. | |
| LUIS DIAZ VALDEZ, Individually and on Behalf of all Others Similarly Situated, | Case No.: 1:22-cv-00840-PGG <br><br> <u>CLASS ACTION</u> |
| Plaintiff, <br><br>     v. <br><br> TALKSPACE, INC., OREN FRANK, MARK HIRSCHHORN, HEC SPONSOR LLC, DOUGLAS L. BRAUNSTEIN, DOUGLAS G. BERGERON, JONATHAN DOBRES, ROBERT GREIFELD, AMY SCHULMAN, THELMA DUGGIN, HUDSON EXECUTIVE CAPITAL LP, and HEC MASTER FUND LP, <br><br> Defendants. | |

**JOINT RESPONSE BRIEF IN FURTHER SUPPORT OF MONTAGUE STREET GROUP AND IVAN M. BARON'S MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF LEAD COUNSEL**

ROLNICK KRAMER SADIGHI LLP
Lawrence M. Rolnick
Marc B. Kramer
Matthew Peller
Anna Menkova
1251 Avenue of the Americas
New York, New York 10020
(212) 597-2800

ROBBINS GELLER RUDMAN
     & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................ 1

I.    ARGUMENT ....................................................................................................... 2

a. The Montague Street Group and Baron Should Be Appointed Lead Plaintiff ............... 2

   i.    The Montague Street Group and Baron Have the Largest Financial Interests in the Relief Sought ...................................................................................... 4

   ii.   The Montague Street Group and Baron Satisfy the Requirements of Rule 23 . 6

b. The Court Should Approve the Montague Street Group and Baron's Selection of Rolnick Kramer Sadighi LLP and Robbins Geller Rudman & Dowd LLP as Lead Counsel ...................................................................................................... 9

c. All Competing Motions Should Be Denied ................................................................ 10

CONCLUSION ............................................................................................................. 11

## TABLE OF AUTHORITIES

**Cases**

*Barnet v. Elan Corp., PLC*,
    236 F.R.D. 158 (S.D.N.Y. 2005) ........................................................................................... 8

*Chahal v. Credit Suisse Group AG*,
    No. 18-CV-02268 (AT)(SN), 2018 WL 3093965 (S.D.N.Y. June 21, 2018) .......................... 10

*City of Sterling Heights General Employees' Retirement System v. Hospira, Inc.*,
    No. 11-cv-8332, 2012 WL 1339678 (N.D. Ill. Apr. 18, 2012) .............................................. 3, 4

*Hom v. Vale, S.A.*,
    No. 1:15-cv-9539-GHW, 2016 WL 880201 (S.D.N.Y. Mar. 7, 2016) ...................................... 6

*HsingChing Hsu v. Puma Biotechnology, Inc.*,
    No. 8:15-cv-00865-AG (C.D. Cal.) ....................................................................................... 10

*In re Alta Mesa Resources, Inc. Securities Litigation*,
    Case No. 4:19-cv-00957 (S.D. Tex. Jan. 15, 2020) ................................................................. 4

*In re Cardinal Health, Inc. Securities Litigation*,
    No. 2:04-cv-00575-ALM (S.D. Ohio) ................................................................................... 10

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) ................................................................................................. 10

*In re Enron Corp. Securities Litigation*,
    No. 4:01-cv-03624 (S.D. Tex.) .............................................................................................. 10

*In re eSpeed, Inc. Securities Litigation*,
    232 F.R.D. 95 (S.D.N.Y. 2005) .............................................................................................. 4

*In re Facebook, Inc., IPO Securities & Derivative Litigation*,
    288 F.R.D. 26 (S.D.N.Y. 2012) ............................................................................................ 11

*In re HealthSouth Corp. Securities Litigation*,
    No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ........................................................................... 10

*In re KIT Digital, Inc. Securities Litigation*,
    293 F.R.D. 441 (S.D.N.Y. 2013) ......................................................................................... 3, 7

*In re Qwest Communications International, Inc. Securities Litigation*,
    No. 1:01-cv-01451-REB-KLM (D. Colo.) ............................................................................. 10

*In re UnitedHealth Group Inc. Securities Litigation*,
    No. 0:06-cv-01691-JMR-FLN (D. Minn.) ............................................................................. 10

*In re Valeant Pharmaceuticals International, Inc. Securities Litigation*,
    No. 3:15-cv-07658-MAS-LHG (D.N.J.) ................................................................................. 9

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007) .............................................................................................. 5

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
 311 F.R.D. 373 (S.D.N.Y. 2015) ..................................................................................... 9

*Lawrence E. Jaffe Pension Fund v. Household International Inc.*,
 No. 1:02-cv-05893 (N.D. Ill.) ...................................................................................... 10

*McKenna v. Dick's Sporting Goods, Inc.*,
 No. 17-CV-3680 (VSB), 2018 WL 1083971 (S.D.N.Y. Feb. 27, 2018) ..................................... 5

*Micholle v. Ophthotech Corp.*,
 No. 17-CV-210 (VSB), 2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018)...................................... 5

*Monroe County Employees' Retirement Systems v. AstraZeneca plc*,
 No. 1:21-CV-00722-JPO, 2021 WL 1687129 (S.D.N.Y. Apr. 28, 2021) ................................... 3

*Mustafin v. GreenSky, Inc.*,
 No. 18 Civ. 11071(PAE), 2019 WL 1428594 (S.D.N.Y. Mar. 29, 2019) ................................... 9

*Peters v. Jinkosolar Holding Co., Ltd.*,
 No. 11 Civ. 7133, 2012 WL 946875 (S.D.N.Y. Mar. 19, 2012) .......................................... 3, 8

*Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. LaBranche & Co.*,
 229 F.R.D. 395 (S.D.N.Y. 2004) ..................................................................................... 8

*Plumbers & Pipefitters National Pension Fund v. Alta Mesa Resources, Inc.*,
 2019 WL 10979860 (S.D.N.Y. Apr. 29, 2019)...................................................................... 5

*Sofran v. LaBranche & Co.*,
 220 F.R.D. 398 (S.D.N.Y. 2004) ................................................................................... 10

*Vladimir v. Bioenvision, Inc.*,
 2007 WL 4526532 (S.D.N.Y. Dec. 21, 2007) ...................................................................... 6

*Weltz v. Lee*,
 199 F.R.D. 129 (S.D.N.Y. 2001) ..................................................................................... 8

**Statutes**

15 U.S.C. § 78u-4 ......................................................................................... passim

**Other Authorities**

S. Rep. No. 104-98 (1995), reprinted in 1995 U.S.C.C.A.N. 679 (1995)...................................... 7

Proposed Lead Plaintiff Montague Street Group[1] and Ivan M. Baron respectfully submit this joint memorandum of law in further support of their Motions for appointment as Lead Plaintiff and approval of their selection of Rolnick Kramer Sadighi LLP ("RKS") and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Lead Counsel.[2]  *See* ECF Nos. 24, 42.  For the reasons set forth herein, the Montague Street Group and Baron respectfully request that they be appointed Lead Plaintiff, that their choice of counsel be approved, and that the competing motions, other than with respect to their request for consolidation, be denied.

## INTRODUCTION

The PSLRA imposes a 60-day deadline for members of the Class to file motions for appointment as lead plaintiff and instructs district courts to appoint as lead plaintiff the "most adequate plaintiff," *i.e.*, the timely movant claiming the largest financial interest while also satisfying the requirements of Rule 23.  15 U.S.C. § 78u-4(a)(3)(B).

The complaints filed against Talkspace, Inc. bring claims under Sections 10(b) and 20(a) of the Exchange Act on behalf of a Class of all persons or entities that purchased or otherwise acquired Talkspace securities between June 11, 2020 and November 15, 2021, both dates inclusive (the "Section 10(b) Class"), and under Section 14(a) of the Exchange Act on behalf of a putative class of all holders Talkspace common stock as of the record date for the special meeting of shareholders held on June 17, 2021 to consider approval of the merger between HEIC and Talkspace (the "Merger") and entitled to vote on the Merger (the "Section 14(a) Class").  As to

---

[1] Unless otherwise noted, all defined terms and abbreviations are the same as those in the Montague Street Group's motion and supporting papers.  *See* ECF Nos. 24-26.

[2] On March 8, 2022, the following individuals and entities filed applications for appointment as Lead Plaintiff: Robert Thewes (ECF No. 27); Yirong Xu (ECF No. 30); Eric D. Johnson and Luis Diaz Valdez (ECF No. 33); and Jason Hendeles (ECF No. 38).  Movants Thewes and Johnson and Valdez have filed notices of non-opposition.

the Section 10(b) Class, the Montague Street Group (which includes the only institutional movant) is indisputably the movant with the largest financial interest for the Section 10(b) claims, and satisfies the typicality and adequacy requirements of Rule 23. Thus, as to the Section 10(b) Class, the Montague Street Group is the presumed "most adequate plaintiff" under the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii). Similarly, as to the Section 14(a) Class, Baron held the most shares as of the record date and is therefore the movant with the largest financial interest with respect to the Section 14(a) claim, and otherwise satisfies the typicality and adequacy requirements of Rule 23. Thus, as to the Section 14(a) Class, Baron is the presumed "most adequate plaintiff" under the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii). By seeking joint appointment, the Montague Street Group and Baron would indisputably have the largest financial interest in the consolidated proceedings and would ensure that both the Section 10(b) Class and the Section 14(a) Class are adequately represented.

The Montague Street Group and Baron should be appointed Lead Plaintiff and all other motions should be denied, as no other timely movant has rebutted, or will be able to rebut, the strong statutory presumption in favor of their appointment. Further, the Court should approve the Montague Street Group and Baron's selection of Lead Counsel, RKS and Robbins Geller.

## I.   ARGUMENT

### a. The Montague Street Group and Baron Should Be Appointed Lead Plaintiff

The PSLRA provides that the Court should appoint as lead plaintiff the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members," referred to as "the 'most adequate plaintiff.'" 15 U.S.C. § 78u-4(a)(3)(B)(i). Under the PSLRA, the movant (or group of movants) that timely demonstrates it has "the largest financial interest in the relief sought by the class" and "satisfies the requirements of Rule 23" is entitled to a presumption that it is the most adequate plaintiff. 15

U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re KIT Digital, Inc. Sec. Litig.*, 293 F.R.D. 441, 444 (S.D.N.Y. 2013).  The Montague Street Group and Baron have the largest financial interests in the litigation and satisfy the typicality and adequacy requirements of Rule 23, and therefore are entitled to a presumption that they are the most adequate plaintiff.

Courts "have permitted amended motions by groups that were combined after the 60-day deadline as long as each member of the amended group previously filed a timely motion for appointment of lead plaintiff." *City of Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc.*, No. 11-cv-8332, 2012 WL 1339678, at *3 (N.D. Ill. Apr. 18, 2012); *see also Peters v. Jinkosolar Holding Co., Ltd.*, No. 11 Civ. 7133, 2012 WL 946875, at *10 (S.D.N.Y. Mar. 19, 2012) (appointing a group "configured after the sixty-day deadline" where each member previously filed a timely motion, and three out of four members had "far and away the largest financial losses"); *Monroe Cty. Emps.' Ret. Sys. v. AstraZeneca plc*, No. 1:21-CV-00722-JPO, 2021 WL 1687129, at *1 (S.D.N.Y. Apr. 28, 2021).  The Montague Street Group and Baron have concluded that it is in the best interests of the Class for them to jointly seek appointment as Lead Plaintiff.  Resolution of the lead plaintiff motions will save judicial resources by avoiding a protracted battle for Lead Plaintiff by eliminating or minimizing the number of competing movants and will allow the combined resources of the two movants and sophisticated counsel to assist in providing the best possible outcome for the Class.

Here, the Montague Street Group has the largest financial interest in the Section 10(b) Class, and Baron has the largest financial interest for the Section 14(a) Class, and the two movants can work together to effectively control and monitor the litigation.  The Montague Street Group and Baron are committed to zealously and efficiently prosecuting this case and have agreed to exercise joint decision-making and work cooperatively to protect the interests of the Class fairly

3

and adequately.  The Montague Street Group and Baron will continue to regularly review and discuss case filings and strategy with counsel and ensure that the work performed in this action is non-duplicative and in the best interests of the Class.  Although the Montague Street Group and Baron did not have a relationship that predates the litigation, "that fact is not dispositive, especially given the recent trend of aligning small groups of sophisticated investors to serve as lead plaintiff even if they do not have pre-existing relationships."  *Hospira*, 2012 WL 1339678, at *8.  This is especially true where, as here, there is a clear justification for teaming up and the resulting group would best represent all Class members.  *See In re Alta Mesa Res., Inc. Sec. Litig.*, Case No. 4:19-cv-00957, ECF No. 54 (S.D. Tex. Jan. 15, 2020) (appointing co-lead plaintiff in blank check securities class action who had initially moved separately, with one claiming the largest Section 10(b) financial interest and one claiming the largest Section 14(a) financial interest, but who determined joint appointment would best serve "the interests of the putative class") (Ex. A).

Thus, the appointment of the Montague Street Group and Baron is appropriate under the circumstances.  Their appointment combines both movants who have the largest financial interest in all claims at issue, they have established a process to work cooperatively and efficiently in the best interests of the Class, and they have selected highly qualified counsel, which includes counsel from this District.

### i.  The Montague Street Group and Baron Have the Largest Financial Interests in the Relief Sought

In calculating movants' losses, which is particularly relevant to the Section 10(b) analysis, courts in this District generally prefer the LIFO loss calculation methodology.  *See, e.g.*, *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 101 (S.D.N.Y. 2005) (noting that "more recently, courts have preferred LIFO and have generally rejected FIFO as an appropriate means of calculating losses in securities fraud cases") (internal quotations omitted); *Kaplan v. Gelfond*, 240 F.R.D. 88,

4

94 n.7 (S.D.N.Y. 2007) ("Many courts have stated a preference for LIFO over FIFO in securities cases, since the inflation of stock prices over the course of the class period may have resulted in gains accrued to plaintiffs.  As a result, FIFO may overstate actual losses suffered by stockholders, whereas LIFO takes into account these gains.").  Importantly, "[m]ost courts agree that the largest loss is the critical ingredient in determining the largest financial interest and outweighs net shares purchased and net expenditures.'"  *McKenna v. Dick's Sporting Goods, Inc.*, No. 17-CV-3680 (VSB), 2018 WL 1083971, at *4 (S.D.N.Y. Feb. 27, 2018); *Micholle v. Ophthotech Corp.*, No. 17-CV-210 (VSB), 2018 WL 1307285, at *5 (S.D.N.Y. Mar. 13, 2018) (same).

The Montague Street Group has claimed the largest financial interest in the Section 10(b) claim out of any timely movant.  Indeed, with losses of nearly $4.2 million as a result of its collective Class Period transactions in Talkspace securities as calculated on a LIFO basis, the Montague Street Group has a Section 10(b) loss that is ***over 18 times***, or more than $3.9 million larger, than the next movant.[3]

In cases alleging Section 14(a) claims, courts regularly use shares held "[a]s of the record date to vote on the acquisition" to determine largest financial interest.  *Plumbers & Pipefitters Nat'l Pension Fund v. Alta Mesa Res., Inc.*, 2019 WL 10979860, at *1 (S.D.N.Y. Apr. 29, 2019).  At the close of business on the record date to vote on the Merger, May 19, 2021, Baron held 24,500 shares of Talkspace common stock, including shares assigned to him, which is more than double any competing movant.  *See* ECF No. 43-2.  As such, Baron has by far the largest financial interest in the Section 14(a) claim.

---

[3] Even if the Montague Street Group members were viewed individually, Montague Street LP alone lost over $2.5 million and suffered the single largest loss.

The following table illustrates the far greater financial interest of the Montague Street Group and Baron for their respective Section 10(b) claims and the Section 14(a) claims as compared to any other movant:

| Movant | (1) Shares Purchased | (2) Net Shares Purchased | (3) Net Funds Expended | (4) Claimed Loss | Record Date Holdings |
|---|---|---|---|---|---|
| *Montague Street Group* | *2,408,864* | *2,408,864* | *$15,068,172.23* | *$4,191,205.41* | *N/A* |
| *Ivan M. Baron* | *N/A* | *N/A* | *N/A* | *N/A* | *24,500* |
| Robert Thewes (filed a notice of nonopposition) | 30,000 | 30,000 | $119,849.90 | $61,750.29 | N/A |
| Yirong Xu | 46,952 | 46,952 | $313,163.63 | $226,966.74 | 8,582 |
| Eric D. Johnson & Luis Diaz Valdez (filed a notice of nonopposition) | 14,424 | 13,000 | $101,288.00 | $60,517.00 | 2,000 |
| Jason Hendeles | 10,650 | 10,650 | $113,678.30 | $94,075.32 | 10,650 |

Therefore, because the Montague Street Group and Baron have claimed a financial interest that far outpaces any other movant as measured by all relevant metrics for both sets of claims, they have the largest financial interest.

### ii. The Montague Street Group and Baron Satisfy the Requirements of Rule 23

"Once the court identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements." *Vladimir v. Bioenvision, Inc.*, 2007 WL 4526532, at *6 (S.D.N.Y. Dec. 21, 2007).

The Montague Street Group and Baron readily satisfy the typicality and adequacy requirements of Rule 23. The Montague Street Group and Baron's claims are typical of those of the Section 10(b) Class and the Section 14(a) Class, respectively. Typicality is satisfied where the movant's "claims arise from the same conduct from which the other class members' claims and

injuries arise." *Hom v. Vale, S.A.*, No. 1:15-cv-9539-GHW, 2016 WL 880201, at \*6 (S.D.N.Y. Mar. 7, 2016) (citation omitted).  Here, the Montague Street Group and Baron have suffered the same financial harm arising from the same course of events as all members of the Section 10(b) Class and the Section 14(a) Class and have standing to pursue those claims.  Accordingly, the Montague Street Group and Baron will rely on the same facts and legal arguments to prove Defendants' liability to the Class as a whole, satisfying the typicality requirement.

The Montague Street Group and Baron similarly satisfy the adequacy requirement.  The Montague Street Group and Baron are adequate because they have selected highly qualified counsel, their interests are squarely aligned with those of the Class, and they are not antagonistic to the interests of other Class members in any way.  Further, their sophistication, experience, and substantial financial stakes in the outcome of this case will ensure the highest level of advocacy on behalf of the Class.  *See generally* Declaration of the Montague Street Group, ECF No. 25-7; Declaration of Baron, ECF No. 43-3.

Moreover, Congress sought to encourage large, sophisticated institutional investors, such as Montague Street LP—a member of the Montague Street Group, and the only institutional movant—to lead securities class actions.  Congress in the PSLRA voiced its "statutory preference for institutional lead plaintiffs."  *KIT Digital*, 293 F.R.D. at 446; *see* S. Rep. No. 104-98, at 11 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 690, 1995 WL 372783 (noting Committee's belief that "increasing the role of institutional investors in class actions will ultimately benefit the class and assist the courts" and that "an institutional investor acting as lead plaintiff can, consistent with its fiduciary obligations, balance the interests of the class with the long-term interests of the company and its public investors").

The Montague Street Group and Baron also constitute an appropriate group of the type routinely appointed to serve as Lead Plaintiff. *See, e.g.*, *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) ("recogniz[ing] that appointing a group of people as co-lead plaintiffs is allowable under the PSLRA" and finding that a group of seven shareholders with the greatest loss was "presumptively the most adequate plaintiff"); *Barnet v. Elan Corp., PLC*, 236 F.R.D. 158, 162-63 (S.D.N.Y. 2005) (finding no bad faith in forming group where single member would be presumptively the most adequate plaintiff, and it was "simply not a case where a group of unrelated investors has been cobbled together as a 'group' to displace a single competing institutional investor, or a smaller, closely-related group of investors."). Further, the Montague Street Group and Baron have not formed a group in bad faith or to aggregate their losses together to create a larger financial interest. *See Peters*, 2012 WL 946875, at *9 (contrasting "a group that is able to obtain lead plaintiff status only by aggregating the much smaller losses of a number of class members," which "potentially runs afoul" of the PSLRA, with one that "comprises the class members with, far and away, the largest financial interest of any individual or group (that has otherwise come forward)," where the PSLRA's policy is "not disserved by allowing those individuals to join together"). To the contrary, the joint application is being made precisely because it will best serve the interests of all Class members. Moreover, had they not determined to pursue this case together, the financial interests of both the Montague Street Group and Baron would still be the largest for the Section 10(b) and Section 14(a) claims, respectively, in two separate but related actions.

Appointing both the Montague Street Group and Baron is appropriate here to ensure all Class members are adequately represented. *See, e.g.*, *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 418-21 (S.D.N.Y. 2004) (acknowledging

propriety of co-lead plaintiff structure); *Mustafin v. GreenSky, Inc.*, No. 18 Civ. 11071(PAE), 2019 WL 1428594, at *5 (S.D.N.Y. Mar. 29, 2019) (appointing group of three institutions that "pledge[d] to work closely together to vigorously prosecute the claims on behalf of the class").

Accordingly, the Montague Street Group and Baron, a small and cohesive group of sophisticated investors, including an institutional investor,[4] have duly satisfied the statutory criteria for "most adequate plaintiff," and their joint appointment is appropriate under the PSLRA and would be in the best interest of the Class.

### b. The Court Should Approve the Montague Street Group and Baron's Selection of RKS and Robbins Geller as Lead Counsel

Under the PSLRA, "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, "[t]he PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." *Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015).

The Montague Street Group's chosen counsel, RKS, has litigated numerous other securities matters resulting in substantial recoveries for investors. (*See* ECF No. 24 at 12-14; ECF No. 25-8 (RKS Firm Resume)). Similarly, Baron's chosen counsel, Robbins Geller Rudman, developed and filed the initial complaint in this action and is a 200-attorney nationwide law firm with principal offices in this District, that regularly practices complex securities litigation. (*See* ECF No. 42 at 6-8.) Notably, in 2021, Robbins Geller, as sole lead counsel, secured final approval of a $1.21 billion recovery in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-

---

[4] *Laborers Local 1298 Pension Fund v. Campbell Soup Co.*, No. CIV.A. 00-152 (JEI), 2000 WL 486956, at *3 (D.N.J. Apr. 24, 2000) (appointing two competing movants as co-lead plaintiffs in view of the desirability of having both institutional investors and individual investors as lead plaintiff "since each may bring a unique perspective to the litigation").

LHG (D.N.J.).  Robbins Geller attorneys have also obtained the largest securities fraud class action recoveries in the Fifth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotech., Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[5]

Accordingly, the Court should approve the Montague Street Group and Baron's selection of RKS and Robbins Geller as Lead Counsel for the Class.

### c. All Competing Motions Should Be Denied

Because each of the competing movants has claimed much smaller financial interests, each of the other motions should be denied.  "'So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job.'" *Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) (*quoting In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002)); *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-02268 (AT)(SN), 2018 WL 3093965, at *2 (S.D.N.Y. June 21, 2018) (same).

---

[5] *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Fund v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

The statutory presumption in favor of appointing the plaintiff with the largest financial interest may be rebutted "only upon proof" that the presumptive most adequate plaintiff "will not fairly and adequately protect the interests of the class; or . . . is subject to unique defenses that render such plaintiff incapable of adequately representing the class."    15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 288 F.R.D. 26, 40 (S.D.N.Y. 2012) (finding that "exacting proof [is] needed to rebut the PSLRA's presumption").  No such proof has been—or could be—offered against the Montague Street Group or Baron.  Accordingly, the Montague Street Group and Baron's motions for appointment as Lead Plaintiff should be granted and the competing motions should be denied.

As the unrebutted presumptive PSLRA Lead Plaintiff, the Court's inquiry should end with the Montague Street Group and Baron, and all competing motions asserting a far smaller financial interest should be denied.

## CONCLUSION

For the foregoing reasons, the Montague Street Group rand Baron respectfully request that the Court grant their motion and enter an Order: (i) consolidating the Related Actions; (ii) appointing the Montague Street Group and Baron as Lead Plaintiff; (iii) approving the Montague Street Group and Baron's selection of RKS and Robbins Geller as Lead Counsel; and (iv) granting such other and further relief as the Court may deem just and proper.

DATED: March 22, 2022          Respectfully submitted,

**ROLNICK KRAMER SADIGHI LLP**

By:  /s/ *Lawrence M. Rolnick*
Lawrence M. Rolnick
Marc B. Kramer
Matthew Peller

11

Anna Menkova
1251 Avenue of the Americas
New York, New York 10020
Tel. (212) 597-2800

*Counsel for the Montague Street Group*

ROBBINS GELLER RUDMAN
 & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: (631)367-7100
(631)367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

*Counsel for Ivan M. Baron*

12