**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IVAN M. BARON, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>TALKSPACE, INC., OREN FRANK, MARK HIRSCHHORN, HEC SPONSOR LLC, DOUGLAS L. BRAUNSTEIN, DOUGLAS G. BERGERON, JONATHAN DOBRES, ROBERT GREIFELD, AMY SCHULMAN, THELMA DUGGIN, HUDSON EXECUTIVE CAPITAL LP, and HEC MASTER FUND LP,<br><br>Defendants. | CASE No.: 1:22-cv-00163-PGG<br><br>**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF YIRONG XU TO CONSOLIDATE RELATED ACTIONS, APPOINT LEAD PLAINTIFF, AND APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br>CLASS ACTION<br><br>ORAL ARGUMENT REQUESTED |
| LUIS DIAZ VALDEZ, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>TALKSPACE, INC., OREN FRANK, MARK HIRSCHHORN, HEC SPONSOR LLC, DOUGLAS L. BRAUNSTEIN, DOUGLAS G. BERGERON, JONATHAN DOBRES, ROBERT GREIFELD, AMY SCHULMAN, THELMA DUGGIN, HUDSON EXECUTIVE CAPITAL LP, and HEC MASTER FUND LP,<br><br>Defendants. | CASE No.: 1:22-cv-00840-PGG<br><br>CLASS ACTION |

Lead Plaintiff Movant Yirong Xu ("Xu") respectfully submits this Reply Memorandum of Law in Support of her Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel (Dkt. No. 30).

## I. INTRODUCTION[1]

The Montague Street Group's opposition and revised motion clearly demonstrate that they are an inadequate and improper Lead Plaintiff. After filing separate and competing Lead Plaintiff motions, the Montague Street Group and Baron formed a post-motion group—essentially abandoning their initial motions in favor of a new, untimely joint motion. *See* Dkt. Nos. 49-50. This type of belated, post-motion grouping is not allowed by courts because it violates the Lead Plaintiff filing deadline. As such, the Montague Street Group and Baron should be disqualified from seeking Lead Plaintiff. Moreover, the Court should reject this lawyer-driven, post-motion grouping because the new group has made no evidentiary showing to justify the grouping.

In contrast, Xu timely moved for appointment as Lead Plaintiff, has the largest financial interest of any eligible movant, and satisfies the adequacy and typicality requirements of Rule 23. *See* Dkt. No. 32 (Xu's Opening Brief); Dkt. No. 47 (Xu's Opposition Brief). As such, the Court should grant Xu's Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel.

## II. ARGUMENT

### A. The Post-Motion Grouping Violates the PSLRA Lead Plaintiff Deadline

In their timely filed motions, the Montague Street Group and Baron each asserted that they had the largest financial interest in this case, were otherwise adequate and typical, and

[1] Unless otherwise indicated, all capitalized terms herein are defined in Xu's moving brief, *see* Dkt. No. 32, or Xu's opposition brief, *see* Dkt. No. 47

should be appointed Lead Plaintiff. *See* Dkt. No. 24 at 8-12 (arguing the Montague Street is the "presumptive lead plaintiff under any measure" and satisfies the relevant Rule 23 requirements); *see also* Dkt. No. 42 at 3-6 (arguing that Baron should be appointed Lead Plaintiff because he has the largest financial interest in the Merger proxy claims and otherwise satisfies Rule 23). However, the Montague Street Group and Baron appear to abandon their separate motions in favor of a joint motion. For reasons known only to them and their counsel, the Montague Street Group and Baron now seek to be appointed Co-Lead Plaintiff and have their respective counsel serve as Co-Lead Counsel. *See* Dkt. Nos. 49-50. The Court should reject this new motion for several reasons.

The belated formation of the Montague Street Group and Baron violates the 60-day Lead Plaintiff filing deadline in this case. *See In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 818 (N.D. Ohio 1999) (noting that PSLRA sets forth a strict timeline for movants to submit motions for lead plaintiff appointment because "[t]he plain language of the statute precludes consideration of a financial loss asserted for the first time . . . after the sixty (60) day window has closed."). By grouping up after the expiration of the 60-day deadline imposed by the PSLRA, the Montague Street Group and Baron have made a new motion for appointment as Lead Plaintiff. As such, their recast Lead Plaintiff motion is untimely and should be rejected.

Based on a strict application of the 60-day deadline, courts in this District and across the country have repeatedly rejected similar efforts by lead plaintiff movants to re-configure their submissions. *See Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 n.20 (S.D.N.Y. 2010) (holding that "post-motion efforts to group movants to aggregate their losses violates the strict sixty day deadline to file a motion for lead plaintiff appointment established by the [PSLRA]"); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 410

(S.D.N.Y. 2004) ("many courts have not allowed movants to supplement their motions to enhance their loss after expiration of the sixty-day period"); *In re XM Satellite Radio Holdings Sec. Litig.*, 237 F.R.D. 13, 19 (D.D.C. 2006) (holding that the "newly formed group . . . runs afoul of the strict deadlines imposed by the PSLRA, which require the filing of a motion for lead plaintiff within 60 days after notice is given."). For the same reasons, the Court should reject the Montague Street Group and Baron's post-motion grouping.

Although a few courts have relaxed the 60-day deadline in particular cases, no good reason exists to do so here. Neither the Montague Street Group nor Baron are the presumptive lead plaintiff. As previously explained in Xu's Opposition, the Montague Street Group is ineligible for appointment as lead plaintiff because they submitted a defective certification and are subject to unique defenses regarding standing. *See* Dkt. No. 47 at 6-10. Baron is also not the presumptive lead plaintiff because he asserts a much smaller financial loss than Xu. *Id.* at 2. Moreover, as demonstrated below, the Montague Street Group and Baron have made ***no*** evidentiary showing that they will be able to function cohesively and effectively.

### B. The Montague Street Group and Baron Have Not Shown That They Can Function Cohesively and Effectively

Even assuming the Montague Street Group and Baron's joint motion is proper—which it is not—the Court should reject the joint motion because the newly formed group is exactly the type of lawyer-driven ploy which the PSLRA was enacted to address.

Courts routinely reject lead plaintiff applications filed by groups of investors who are "simply an artifice cobbled together by cooperating counsel for the obvious purpose of creating a large enough grouping of investors to qualify as 'lead plaintiff,' which can then select the equally artificial grouping of counsel as 'lead counsel.'" *In re Razorfish, Inc. Sec. Litig.*, 143 F. Supp. 2d 304, 308 (S.D.N.Y. 2001); *see also In re Doral Fin. Corp. Sec. Litig.*, 414 F.Supp.2d 398, 401–

02 (S.D.N.Y. 2006) (by allowing such groups to aggregate losses, "a strong possibility emerges that lawyers will form such groups to manipulate the selection process, and thereby gain control of the litigation").

For this reason, courts require members of a proposed group to make "an evidentiary showing that unrelated members of a group will be able to function cohesively and to effectively manage the litigation apart from their lawyers before its members will be designated as presumptive lead plaintiffs." *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F.Supp.2d 388, 392 (S.D.N.Y.2008).

To determine whether a proposed group will be able to function cohesively, courts evaluate evidence of the following *Varghese* factors:

> (1) the existence of a pre-litigation relationship between group members; (2) involvement of the group members in the litigation thus far; (3) plans for cooperation; (4) the sophistication of its members; and (5) whether the members chose outside counsel, and not vice versa.

*Jonathan Tan v. NIO Inc.*, 2020 WL 1031489, at *3 (E.D.N.Y. Mar. 3, 2020) (citing *Varghese,* 589 F. Supp. at 392).

Here, the Montague Street Group and Baron have made no evidentiary showing to justify their grouping. The Montague Street Group and Baron admit that they "did not have a relationship that predates the litigation." *See* Dkt. No. 49 at 4. This admission is particularly troublesome since the facts demonstrate that the group did not have a relationship that predates the 60-day lead plaintiff deadline—let alone a relationship that predates the litigation. Instead, the facts indicate that the relationship was formed by counsel after the 60-day deadline simply to win the lead plaintiff appointment process. Indeed, there is no indication that the group members have ever even spoken to each other. This type of lawyer-driven maneuvering is routinely rejected by courts. *See Goldberger v. PXRE Grp., Ltd.*, 2007 WL 980417, at *5 (S.D.N.Y. Mar.

30, 2007) ("the group as a whole shares only this lawsuit in common . . . [and] one cannot but suspect that the [] Group-comprised, as it is, of disparate and apparently unrelated plaintiffs–is itself the result of the type of lawyer-driven action that the PSLRA eschews") (citation omitted); *Khunt v. Alibaba Grp. Holding Ltd.,* 102 F.Supp.3d 523, 532 (S.D.N.Y. 2015) ("Many courts—including this one—have turned away pastiche plaintiffs whose grouping appears to be solely a product of the litigation, because, 'To allow an aggregation of unrelated plaintiffs to serve as lead plaintiffs defeats the purpose of choosing a lead plaintiff.'"); *Stires v. Eco Science Solutions, Inc.*, 2018 WL 5784817, at *5 (D.N.J. Feb. 14, 2018) (denying lead plaintiff status to an investor group despite their larger losses due, in part, to the group apparently being "precisely the type of lawyer-created group the Third Circuit cautioned about in *In re Cendant Corp.*").

The Montague Street Group and Baron also provide no plans for cooperation. Although the Montague Street Group and Baron claim in their opposition brief that they "have agreed to exercise joint decision-making and work cooperatively to protect the interests of the Class fairly and adequately," *see* Dkt. No. 49 at 3-4, they offer no information on how the newly formed group plans to function or how the group members plan to supervise the two firms they now ask the Court to approve as Co-Lead Counsel. In fact, the Montague Street Group and Baron did not even submit a joint declaration to explain how the group will function, how potential disputes will be resolved, how the group will communicate with each other and counsel, or protocols implemented by the group to ensure proper oversight of counsel.

The lack of a joint declaration is striking and makes it impossible for the Court to determine whether the group can function cohesively and effectively manage the litigation. Universally, group movants for appointment as lead plaintiff in PSLRA cases file joint declarations, which allows group members to provide background information about themselves

individually, how they found each other, their involvement in the litigation, how they chose counsel, how they decided to move together and with their chosen counsel, and how they will decide disagreements between group members—essentially answering the *Varghese* factors. The Montague Street Group and Baron failed to do this, which further demonstrates their inadequacy.

Even if the Montague Street Group and Baron were to belatedly file a joint declaration to reveal any of the necessary information noted above, it would be too late. *See generally* 15 U.S.C. §78u-4(a)(3)(A) (60-day deadline); *see also Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 410 (S.D.N.Y. 2004) ("[PSLRA] . . . precludes consideration of . . . any other pleading . . . filed ***after*** the sixty (60) day window has closed.") (emphasis in original). Moreover, the Montague Street Group and Baron's conclusory statement that they will work cooperatively and efficiently is routinely rejected by courts, even when the group submits a joint declaration. *See Jakobsen v. Aphria Inc.*, 2019 WL 1533598, at *3 (S.D.N.Y. Mar. 27, 2019) (vague plans for cooperation and "boilerplate assurances" are insufficient to show that unrelated investors will be able to manage the litigation efficiently); *In re Ply Gem Holdings, Inc., Securities Litigation*, 2014 WL 12772081, at *2 (S.D.N.Y. Oct. 14, 2014) (denying appointment of joint lead plaintiffs even though the group filed a joint declaration because "joint lead plaintiffs run counter to the purposes of the PSLRA, which seeks to avoid lawyer-driven litigation" and "[a]llowing lawyers to combine otherwise unrelated entities as joint lead plaintiffs would encourage the lawyers to drive the litigation"). As such, the Court should reject the Montague Street Group and Baron's joint motion.

### C. The Montague Street Group and Baron Were Grouped to Avoid Standing Issues

The Montague Street Group and Baron were joined together by counsel to aggregate the losses and, according to them, "ensure all Class members are adequately represented." *See* Dkt. No. 49 at 8. This is because the Montague Street Group and Baron each represent only half the Class. The complaints in this case were brought on behalf of a Class consisting of: (1) all persons or entities that purchased or otherwise acquired Talkspace securities between June 11, 2020 and November 15, 2021, both dates inclusive (the "Section 10(b) Class"), and/or (2) all holders of Talkspace common stock as of the record date for the special meeting of shareholders held on June 17, 2021 to consider approval of the merger between Hudson Executive Investment Corporation ("HEIC") and Talkspace (the "Merger") and entitled to vote on the Merger (the "Section 14(a) Class").

The Montague Street Group and Baron claim that the Montague Street Group is the most adequate plaintiff for the Section 10(b) Class, whereas Baron is the most adequate plaintiff for the Section 14(a) Class. *Id.* at 2. This is because the Montague Street Group did not hold any Talkspace securities on the record date, and thus, has no standing to pursue the Section 14(a) claims. The group claims that Baron, on the other hand, is the presumptive lead plaintiff for the Section 14(a) Class because he held the most shares on the record date. According to them, "[b]y seeking joint appointment, the Montague Street Group and Baron . . . would ensure that both the Section 10(b) Class and the Section 14(a) Class are adequately represented." *Id.*

But the lawyer-driven grouping is not necessary because Xu can adequately represent ***both*** the Section 10(b) Class and the Section 14(a) Class. Xu held 8,582 shares on the record date, and also has the largest 10(b) losses of any eligible movant. *See* Dkt. No. 47 (Xu's Opposition Brief) at 2). So, to the extent that the Court prefers a Lead Plaintiff with standing for

both the Section 10(b) and Section 14(a) claims, the Court should appoint Xu because she has standing to pursue both claims and would adequately represent both classes. *See* Dkt. No. 32-2 (Xu's PSLRA Certification).

**III. CONCLUSION**

For the foregoing reasons, Xu's motion should be granted in its entirety and the competing motions should be denied.

Dated: March 29, 2022

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2022, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Phillip Kim