# EXHIBIT A-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  | x |  |
|---|---|---|
| In re TALKSPACE, INC. SECURITIES LITIGATION | : | Civil Action No. 1:22-cv-00163-PGG |
|  | : |  |
|  | : | CLASS ACTION |
|  | x | NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTIONS |
|  |  | EXHIBIT A-1 |

4883-6701-8074.v4

**TO:**   **(1) ALL PERSONS THAT PURCHASED OR OTHERWISE ACQUIRED TALKSPACE, INC. F/K/A HUDSON EXECUTIVE INVESTMENT CORP. ("TALKSPACE" OR THE "COMPANY") SECURITIES BETWEEN JUNE 11, 2020 AND NOVEMBER 15, 2021, INCLUSIVE; AND (2) ALL HOLDERS OF TALKSPACE COMMON STOCK AS OF THE RECORD DATE FOR THE SPECIAL MEETING OF SHAREHOLDERS HELD ON JUNE 17, 2021 TO CONSIDER APPROVAL OF THE MERGER BETWEEN TALKSPACE AND HUDSON EXECUTIVE INVESTMENT CORP. (THE "MERGER") OR WHO WERE ENTITLED TO VOTE ON THE APPROVAL OF THE MERGER ("CLASS" OR "CLASS MEMBER")**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THESE ACTIONS.  PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE _____, 2023**.

This Notice of Pendency and Proposed Settlement of Class Actions ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York (the "Court").  The purpose of this Notice is to inform you of the pendency of this class action (the "Securities Action") between Plaintiffs Steven Jacob Greenblatt, Montague Street LP, Greenblatt Family Investments LLC, William Greenblatt, Judith Greenblatt, the Brandon T. Greenblatt 2015 Trust, the Maggie S. Greenblatt 2015 Trust, the Steven Jacob Greenblatt 2015 Trust, Ivan M. Baron (the "Securities Plaintiffs"), and Luis Diaz Valdez (the "Delaware Plaintiff," and collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, and Defendants Talkspace, Hudson Executive Capital LP, HEC Sponsor LLC, HEC Master Fund LP, Groop Internet Platform, Inc. n/k/a Tailwind Merger Sub II, LLC, Douglas L. Braunstein, Douglas G. Bergeron, Jonathan Dobres, Robert Greifeld, Amy Schulman, Thelma Duggin, Oren Frank, and Mark Hirschhorn (collectively, "Defendants"); the pendency of an action pending in the Delaware Court of Chancery entitled *Valdez v. Braunstein, et al.*, Case No. 2022-1148-KSJM (the "Delaware Action," and with Securities Action, the "Actions"); the proposed $8,500,000 settlement of the Actions (the "Settlement"); and the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement as well as counsel's application for fees and expenses.  This Notice describes what steps you may take in relation to the Settlement and this class action.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Actions as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants.  This Notice is solely to

---

[1]   All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated May 19, 2023 (the "Settlement Agreement" or "Stipulation"), which is available on the website www.TalkspaceSecuritiesSettlement.com.

- 1 -

advise you of the pendency and proposed Settlement of the Actions and of your rights in connection therewith.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM FORM** | The only way to be eligible to receive a payment from the Settlement. **Proof of Claim forms must be postmarked or submitted online on or before _____, 2023.** |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that ***potentially*** allows you to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement. Should you elect to exclude yourself from the Class you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. **Exclusions must be postmarked on or before _____, 2023.** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses. You will still be a Member of the Class. **Objections must be *received* by the Court and counsel on or before _____, 2023. If you submit a written objection, you may (but do not have to) attend the hearing.** |
| **GO TO THE HEARING ON _____, 2023** | Ask to speak in Court about the fairness of the Settlement. **Requests to speak must be *received* by the Court and counsel on or before _____, 2023.** |
| **DO NOTHING** | Receive no payment. You will, however, still be a Member of the Class, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the courts in the Actions. |

## SUMMARY OF THIS NOTICE

**Statement of Class Recovery**

Pursuant to the Settlement described herein, an $8,500,000 settlement fund has been established. Based on Plaintiffs' estimate of the number of Talkspace securities eligible to recover under the Settlement, the average distribution under the Plan of Allocation is approximately $0.06 and $0.09 per warrant and common share, respectively, before deduction of any taxes on the income earned on the Settlement Amount thereof, notice and administration costs, and the

attorneys' fees and expenses as determined by the Court. **Class Members should note, however, that these are only estimates.** A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claims as compared to the total claims of all Class Members who submit acceptable Proofs of Claim. An individual Class Member may receive more or less than this estimated average amount. *See* Plan of Allocation set forth and discussed at pages _____ below for more information on the calculation of your claim.

**Statement of Potential Outcome of Case**

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Class prevailed on each claim alleged. Defendants deny that they violated any laws, deny that these Actions could proceed as class actions, deny that they are liable to the Class, and deny that the Class has suffered any damages traceable to Defendants. The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws, Delaware state law, or any other law; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the prices of Talkspace securities were allegedly artificially inflated (if at all) during the Class Period; (4) the amount, if any, by which the prices of Talkspace securities were allegedly artificially inflated (if at all) during the Class Period; (5) the effect of various market forces on the prices of Talkspace securities at various times during the Class Period; (6) the extent to which external factors influenced the prices of Talkspace securities at various times during the Class Period; (7) the extent to which the various matters that Plaintiffs alleged were materially false or misleading influenced (if at all) the prices of Talkspace securities at various times during the Class Period; and (8) the extent to which the various allegedly adverse material facts that Plaintiffs alleged were omitted influenced (if at all) the prices of Talkspace securities at various times during the Class Period.

**Statement of Attorneys' Fees and Expenses Sought**

Since the Actions' inceptions, counsel have expended considerable time and effort in their prosecution on a wholly contingent basis and have advanced the expenses of the Actions in the expectation that if they were successful in obtaining a recovery for the Class, they would be paid from such recovery. Lead Counsel will apply to the Court for an award of attorneys' fees on behalf of all Plaintiffs' Counsel in the Actions not to exceed thirty percent (30%) of the Settlement Amount, plus expenses not to exceed $75,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. In addition, Plaintiffs may request reimbursement of their time and expenses in representing the Class in an amount not to exceed $25,000. If the amounts requested are approved by the Court, the average recovery will be approximately $0.04 and $0.06 per warrant and common share, respectively.

**Further Information**

For further information regarding the Actions, this Notice or to review the Stipulation, please contact the Claims Administrator toll-free at 866-690-7902, or visit the website www.TalkspaceSecuritiesSettlement.com.

4883-6701-8074.v4

You may also contact a representative of counsel for the Class:  Greg Wood, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 800-449-4900, settlementinfo@rgrdlaw.com, www.rgrdlaw.com, or [ROLNICK INFORMATION].

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**Reasons for the Settlement**

Plaintiffs' principal reason for entering into the Settlement is the benefit to the Class now, without further risk or the delays inherent in continued litigation.  The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future.  For the Defendants, who have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the costs, burdens and uncertainty inherent in any litigation, especially in complex cases such as the Actions.  Defendants have concluded that further continuation of the Actions could be protracted and unnecessarily costly.

## BASIC INFORMATION

| 1. | Why did I get this Notice package? |
|---|---|

This Notice was sent to you pursuant to an Order of a U.S. District Court because you or someone in your family or an investment account for which you serve as custodian may have purchased or acquired Talkspace securities during the period between June 11, 2020 and November 15, 2021, inclusive (the "Class Period"), or you may have held Talkspace common stock on the May 19, 2021 Record Date for the special meeting of shareholders held on June 17, 2021 to consider the Merger or were entitled to vote on approval of the Merger.

This Notice explains the class action lawsuits, the Settlement, Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Securities Action and the Settlement is the United States District Court for the Southern District of New York, and the case is known as *In re Talkspace, Inc. Securities Litigation*, Civil Action No. 1:22-cv-00163-PGG.  The case has been assigned to the Honorable Paul G. Gardephe.  The Delaware Action is pending in the Delaware Court of Chancery and is known as *Valdez v. Braunstein, et al.*, Case No. 2022-1148-KSJM.  The Delaware Action has been assigned to Chancellor Kathaleen St. J. McCormick.  The entities and individuals representing the Class are the Plaintiffs, and the companies and individuals they sued and who have now settled are called the Defendants.

| 2. | What is this lawsuit about? |
|---|---|

The Securities Plaintiffs allege that all Defendants violated Sections 10(b) and 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and the Individual Defendants, HEC

- 4 -

Sponsor and Hudson Executive violated Section 20(a) of the Exchange Act.  More specifically, Plaintiffs allege that, throughout the Class Period (June 11, 2020 and November 15, 2021, inclusive), and in the proxy statement issued in connection with the Merger, Defendants represented that Talkspace was an innovative technology company with strong operations, solid leadership, and substantial growth potential to match the strong demand for online therapy.  The Securities Plaintiffs also allege that contrary to Defendants' positive statements, Talkspace experienced substantial difficulties with operations, was unable to promptly match clients with their therapists (which negatively impacted client retention), experienced substantially increased customer acquisition costs in the business-to-consumer segment, and the business to business segment was not as rosy as represented.  The Securities Plaintiffs also allege that Talkspace's executives lacked the experience and expertise to properly manage a public company, they planned to leave the Company not long after the Merger, and Talkspace's internal controls, procedures, and systems were inadequate.  Defendants deny the Securities Plaintiffs' allegations in their entirety and contend that they did not violate the Exchange Act.

On September 13, 2022, Defendants filed their motion to dismiss the Securities Action.  The Securities Plaintiffs filed their opposition on October 11, 2022, and Defendants filed their reply on October 25, 2022.  The motion remains pending.

The Delaware Plaintiff asserts claims for breach of fiduciary duty under Delaware law and aiding and abetting such breaches by orchestrating a conflicted and unfair Merger between HEIC and Talkspace, and by causing a materially false and misleading Proxy to be issued in connection with the Merger, thereby impairing stockholders' redemption rights.  The Delaware Plaintiff also alleged that the Proxy contained materially false and misleading projections, falsely stated that Talkspace believed the assumptions used to derive its forecasts were "both reasonable and supportable," failed to disclose that the metric "business to business eligible lives" was created using double counting, omitted material information and contained materially misleading statements regarding Talkspace's matching capabilities and technology, and omitted material information regarding the key metric "conversion rate."  The Delaware Plaintiff alleges that the unfair and conflicted Merger is subject to entire fairness review under Delaware law, and that the Merger was not entirely fair to Delaware Plaintiff and similarly situated former HEIC stockholders.  Defendants deny the Delaware Plaintiff's allegations in their entirety and contend they did not breach any duties or violate any laws.

On February 16, 2023, Securities Plaintiffs and Delaware Plaintiff, along with certain Defendants, participated in a confidential mediation with Robert A. Meyer, Esq., an experienced mediator.  The attendees engaged in good-faith negotiations, and at the end of the mediation session, reached an agreement in principle to resolve the Actions in their entirety for $8,500,000 in cash.

The Stipulation (together with the Exhibits thereto) reflects the final and binding agreement, and a compromise of all matters that are in dispute, between the Settling Parties.

Defendants deny each and all of the claims and contentions of wrongdoing alleged by Plaintiffs in the Actions, as well as any and all allegations of fault, liability, wrongdoing, or damages whatsoever arising out of any of the conduct, statements, acts, or omissions that have been alleged, or that could have been alleged, in the Actions.  Defendants contend that they did

- 5 -

not make any materially false or misleading statements, and that they made appropriate disclosures of all material information required to be disclosed by the federal securities laws and Delaware state law.  Defendants also contend that any losses allegedly suffered by Members of the Class were not caused by any allegedly false or misleading statements by them and/or were caused by intervening events.  Defendants continue to believe that the claims asserted against them in the Actions are without merit.  Defendants also maintain that they have meritorious defenses to all claims that were raised or could have been raised in the Actions.

| 3. | Why is there a settlement? |
|---|---|

Neither Court has decided in favor of the Plaintiffs or Defendants.  Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Plaintiffs agreed to the Settlement in order to ensure that Class Members will receive compensation.

## WHO IS IN THE SETTLEMENT

| 4. | How do I know if I am a Member of the Class? |
|---|---|

The Court directed that everyone who fits this description is a Class Member: (i) all Persons who purchased or acquired Talkspace securities during the period between June 11, 2020 and November 15, 2021, inclusive, and (ii) all holders of Talkspace common stock as of the Record Date for the special meeting of shareholders held on June 17, 2021 to consider approval of the Merger or who were entitled to vote on the approval of the Merger, except those Persons and entities that are excluded.

Excluded from the Class are: Defendants in the Actions and members of their immediate families, the officers and directors of Talkspace, at all relevant times, and members of their immediate families, the legal representatives, heirs, successors, or assigns of any of the foregoing, and any entity in which Defendants in the Actions have or had a controlling interest.  Also excluded from the Class are those Persons who validly and timely request exclusion therefrom by submitting a request for exclusion in accordance with the requirements set forth in question 11 below.

**Please Note**:  Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement.  If you are a Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked or submitted online on or before _____, 2023.

| 5. | What if I am still not sure if l am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help.  You can contact the Claims Administrator toll-free at 866-690-7902, or you can fill out and return the Proof of Claim form enclosed with this Notice package, to see if you qualify.

4883-6701-8074.v4

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

| 6. | What does the Settlement provide? |
|---|---|

The Settlement provides that, in exchange for the release of the Released Claims (defined below) and dismissal of the Actions, Defendants have agreed to pay (or cause to be paid) $8,500,000 in cash to be distributed after taxes, tax expenses, notice and claims administration expenses, and approved fees and expenses, *pro rata*, to Class Members who send in a valid Proof of Claim form pursuant to the Court-approved Plan of Allocation. The Plan of Allocation is described in more detail at the end of this Notice.

| 7. | How much will my payment be? |
|---|---|

Your share of the Net Settlement Fund will depend on several things, including the total value of Talkspace securities represented by the valid Proof of Claim forms that Class Members send in, compared to the value of your claim, all as calculated under the Plan of Allocation discussed below.

**HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM**

| 8. | How can I get a payment? |
|---|---|

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim form. A Proof of Claim form is enclosed with this Notice or it may be downloaded at www.TalkspaceSecuritiesSettlement.com. Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail or submit it online so that it is postmarked or received no later than _____, 2023**. The Proof of Claim form may be submitted online at www.TalkspaceSecuritiesSettlement.com.

| 9. | When would I get my payment? |
|---|---|

**The Court will hold a Settlement Hearing on _____, 2023, at ___:___ _.m.,** to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals. It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 10. | What am I giving up to get a payment or to stay in the Class? |
|---|---|

Unless you timely and validly exclude yourself, you are staying in the Class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or their Related Parties about the Released Claims (as defined below) in these cases. It also means that all of the Court's orders will apply to you and legally bind you. If you remain a Class Member, and if the Settlement is approved, you will give up all "Released Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Defendant Parties" (as defined below):

- 7 -

4883-6701-8074.v4

- "Released Claims" means any and all rights, liabilities, suits, debts, obligations, demands, damages, losses, judgment, matters, issues, claims (including "Unknown Claims," as defined below), and causes of action of every nature and description whatsoever, in law, equity, or otherwise, whether known or unknown, asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, statutory, common or foreign law, or any other law, rule, or regulation, whether class and/or individual in nature, concerning, based on, arising out of, or in connection with the purchase (or other acquisition), sale, ownership, voting, holding, redemption, or decision not to redeem Talkspace securities during the Class Period and the acts, facts, matters, occurrences, disclosures, filings, representations, statements, or omissions that were or could have been alleged or asserted by Plaintiffs in the Actions. "Released Claims" does not include: (i) any derivative claims asserted by or on behalf of Talkspace's shareholders, including, without limitation, in the action entitled *In re Talkspace Stockholder Derivative Litigation*, Case No. 22-cv-05016 (S.D.N.Y.); (ii) claims brought pursuant to the Employee Retirement Income Security Act of 1974 (ERISA); and (iii) any claims to enforce the Settlement. For the avoidance of doubt, this Settlement is not conditioned upon the obtaining of, or any judicial approval of, any releases between or among the Defendants and/or any third parties.

- "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against Plaintiffs, Plaintiffs' Counsel, or any Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Actions, except for claims relating to the enforcement of the Settlement.

- "Released Defendant Party" or "Released Defendant Parties" mean each and all of the Defendants, Defendants' Counsel, and any of their Related Parties.

- "Related Parties" means any Person's former, present or future parent entities, subsidiaries, divisions, controlling persons, associates, related entities and affiliates, any entity in which a Person has a controlling interest, and each and all of their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers or co-insurers of each of them; as well as the predecessors, successors, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them.

- "Unknown Claims" means (a) any and all Released Claims that any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, their, or its favor at the time of the release of the Released Defendant Parties, which, if known

- 8 -

by him, her, them, or it, might have affected his, her, their, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, their, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, their, or its favor at the time of the release of Plaintiffs, the Class, and Plaintiffs' Counsel, which, if known by him, her, them, or it, might have affected his, her, their, or its settlement and release of Plaintiffs, the Class, and Plaintiffs' Counsel.  With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Plaintiffs, the Class, and Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.  The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle,

4883-6701-8074.v4

discharge, extinguish and release, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Plaintiffs, the Class, and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

## EXCLUDING YOURSELF FROM THE CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue the Defendants and the other Released Defendant Parties, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Settlement.  This is called excluding yourself or "opting out."  If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in the Actions, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.

| **11.** | **How do I get out of the Class and the proposed Settlement?** |
|---|---|

To exclude yourself from the Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *Talkspace Securities Settlement*."  Your letter must include the number of Talkspace common shares you held on May 19, 2021 and/or your purchases or acquisitions of Talkspace securities during the Class Period, as applicable, including the dates, and the number of Talkspace securities purchased or acquired.  In addition, you must include your name, address, telephone number, and your signature.  You must submit your exclusion request so that it is **postmarked no later than _____, 2023** to:

*Talkspace Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
ATTN: EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement.  You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Defendant Parties about the Released Claims in the future.

- 10 -

4883-6701-8074.v4

| 12. | If I do not exclude myself, can I sue the Defendants and the other Released Defendant Parties for the same thing later? |
|---|---|

No.  Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Released Defendant Parties for any and all Released Claims.  If you have a pending lawsuit against the Released Defendant Parties, speak to your lawyer in that case immediately.  You must exclude yourself from the Class in the Actions to continue your own lawsuit.  Remember, the exclusion deadline is _____, 2023.

| 13. | If I exclude myself, can I get money from the proposed Settlement? |
|---|---|

No.  If you exclude yourself, you should not send in a Proof of Claim to ask for any money.  But you may have the right to potentially sue or be part of a different lawsuit against the Defendants and the other Released Defendant Parties.

## THE LAWYERS REPRESENTING YOU

| 14. | Do I have a lawyer in this case? |
|---|---|

The Court ordered that the law firms of Robbins Geller Rudman & Dowd LLP and Rolnick Kramer Sadighi LLP represent the Class Members, including you.  These lawyers are called Lead Counsel.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| 15. | How will the lawyers be paid? |
|---|---|

Lead Counsel will apply to the Court for an award of attorneys' fees on behalf of Plaintiffs' Counsel in the Actions not to exceed thirty percent (30%) of the Settlement Amount and for expenses, costs and charges in an amount not to exceed $75,000 in connection with prosecuting the Actions, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund.[2]  In addition, Plaintiffs may seek up to $25,000 in the aggregate for their costs and expenses incurred in representing the Class.  Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

| 16. | How do I tell the Court that I object to the proposed Settlement? |
|---|---|

If you are a Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's fee and expense application.  You can write to the Court setting out your comment or objection.  The Court will consider your views.  To

---

[2]  Plaintiffs' Counsel means Robbins Geller Rudman & Dowd LLP, Rolnick Kramer Sadighi LLP, Monteverde & Associates PC, and Kahn Swick & Foti, LLC.

4883-6701-8074.v4

comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *Talkspace Securities Settlement*. Include your name, address, telephone number, and your signature, identify the date(s), price(s), and number of Talkspace securities you purchased or acquired and sold during the Class Period, or the amount of common stock which you held on May 19, 2021, and state with specificity your comments or the reasons why you object to the proposed Settlement, Plan of Allocation, and/or fee and expense application, including any legal and evidentiary support for such objection. You must sign the objection even if your lawyer files the objection on your behalf. Any objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class. You must also include copies of documents demonstrating your purchase(s) or acquisitions and/or sale(s) of Talkspace securities during the Class Period or your holdings of common stock on May 19, 2021. You must also identify all class action settlements to which you or your counsel has objected to in the past five years. Your comments or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is *received* **no later than** _____, 2023:

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| CLERK OF THE COURT UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK Daniel Patrick Moynihan United States Courthouse 500 Pearl Street New York, NY 10007 | ROBBINS GELLER RUDMAN & DOWD LLP ELLEN GUSIKOFF STEWART 655 West Broadway, Suite 1900 San Diego, CA 92101<br><br>ROLNICK KRAMER SADIGHI LLP LAWRENCE M. ROLNICK MARC B. KRAMER 1251 Avenue of the Americas New York, NY 10020 | MILBANK LLP SCOTT A. EDELMAN JED M. SCHWARTZ ALLISON S. MARKOWITZ 55 Hudson Yards New York, NY 10001<br><br>COHEN & GRESSER LLP MARK S. COHEN DAVID F. LISNER 800 Third Avenue, 21st Floor New York, NY 10022<br><br>COLE SCHOTZ P.C. MICHAEL S. WEINSTEIN BRADLEY P. POLLINA 1325 Avenue of the Americas, 29th Floor New York, NY 10022 |

---

**17.    What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Class.

Excluding yourself is telling the Court that you do not want to recover money from the Settlement and do not want to release any claims you think you may have against Defendants and their Related Parties. If you exclude yourself, you cannot object to the Settlement because it does not affect you.

- 12 -

4883-6701-8074.v4

**THE COURT'S SETTLEMENT HEARING**

The Court will hold a hearing to decide whether to approve the proposed Settlement.  You may attend and you may ask to speak, but you do not have to.

| 18. | When and where will the Court decide whether to approve the proposed Settlement? |
|---|---|

The Court will hold a Settlement Hearing at ___:___ _.m., on _____, 2023, before Judge Paul G. Gardephe in Courtroom 705 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007.  At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate.  If there are objections, the Court will consider them, even if you do not ask to speak at the hearing.  The Court will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay to Lead Counsel and Plaintiffs.  After the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation.  We do not know how long these decisions will take.  You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Class Members.  If you want to attend the hearing, you should check with Lead Counsel or the Settlement website, www.TalkspaceSecuritiesSettlement.com, beforehand to be sure that the date and/or time has not changed.

In addition, the possibility exists that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by phone or video, without further written notice to the Class.  **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.TalkspaceSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing.  Any and all updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.TalkspaceSecuritiesSettlement.com.  Also, if the Court requires or allows Class Members to participate in the Settlement Hearing by telephone or video, the access information will be posted to the Settlement website, www.TalkspaceSecuritiesSettlement.com.**

| 19. | Do I have to come to the hearing? |
|---|---|

No.  Lead Counsel will answer questions the Court may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 20. | May I speak at the hearing? |
|---|---|

4883-6701-8074.v4

If you object to the Settlement, the Plan of Allocation, and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *Talkspace Securities Settlement*." Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Lead Counsel or Plaintiffs and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Your notice of intention to appear must be *received* **no later than _____, 2023**, and addressed to the Clerk of the Court, Lead Counsel, and Defendants' Counsel, at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

| 21. | What happens if I do nothing? |
|---|---|

If you do nothing, you will not receive any money from this Settlement. In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants and their Related Parties about the Released Claims in this case.

## GETTING MORE INFORMATION

| 22. | How do I get more information? |
|---|---|

For even more detailed information concerning the matters involved in these Actions, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 866-690-7902. Reference is also made to the Settlement Agreement, to the pleadings in support of the Settlement, to the Orders entered by the Court and to the other Settlement related papers filed in the Actions, which are posted on the Settlement website at www.TalkspaceSecuritiesSettlement.com, and which may be inspected at the Office of the Clerk of the United States District Court for the Southern District of New York, during regular business hours. For a fee, all papers filed in the Securities Action are available at www.pacer.gov.

## PLAN OF ALLOCATION OF NET SETTLEMENT
## FUND AMONG CLASS MEMBERS

The Settlement Amount of $8,500,000 and any interest earned thereon is the "Settlement Fund." The Settlement Fund, less all taxes, tax expenses, notice and claims administration expenses, and approved fees and expenses (the "Net Settlement Fund") shall be distributed to Class Members who submit timely and valid Proof of Claim forms to the Claims Administrator ("Authorized Claimants"). The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you held Talkspace common stock on May 19, 2021 or if you have an overall net loss on all of your transactions in Talkspace securities during the Class Period.

- 14 -

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Class Members based on their respective alleged economic losses resulting from the violations alleged in the Actions.

The Claims Administrator shall determine each Class Member's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below. A Recognized Loss will be calculated for each Talkspace security purchased, acquired, or held during the Class Period. The calculation of Recognized Loss will depend upon several factors, including when the Talkspace security was purchased or acquired and in what amounts, whether the shares were sold, and, if so, when they were sold and for what amounts.

The Recognized Loss is not intended to estimate the amount a Class Member may have been able to recover after a trial, nor to estimate the amount you will receive. It is a formula for allocating the Net Settlement Fund among all Authorized Claimants. The allocation below is based on the following inflation per security amounts for Class Period purchases and sales as well as the statutory PSLRA 90-day look-back amount set forth in Tables A and B.[3] Furthermore, if any of the formulas set forth below yield an amount less than $0.00, the claim per security shall be $0.00.

The Plan of Allocation was developed in consultation with Plaintiffs' damages consultant. In developing the Plan of Allocation, the consultant calculated the estimated amount of alleged artificial inflation in the prices of Talkspace securities that was allegedly caused by Defendants' alleged materially false and misleading statements and omissions. In calculating the estimated artificial inflation allegedly caused by those alleged misrepresentations and omissions, the consultant considered the price change in Talkspace securities in reaction to the public disclosure that allegedly corrected the alleged misrepresentation of omissions, adjusting the price change for factors that were attributable to market forces, and for non-fraud relating Company-specific information.

In order to have recoverable damages under the federal securities laws, disclosures of the alleged misrepresentation and/or the alleged omission must be the cause of the loss for which the plaintiff seeks to recover. In order to have a "Recognized Loss Amount" under the Plan of

---

[3]    Under 15 U.S.C. §78u-4(e)(1), "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Loss Amounts for Talkspace securities are reduced to an appropriate extent by taking into account the closing prices of Talkspace securities during the 90-day look-back period. The mean (average) closing price for Talkspace common stock following this 90-day look-back period was $1.83 per share as shown in Table A. The mean (average) closing price for Talkspace warrants following this 90-day look-back period was $0.24 per warrant as shown in Table B.

- 15 -

Allocation, shares of Talkspace securities must have been purchased or acquired during the Class Period and held through the issuance of at least one alleged corrective disclosure.

A "claim" will be calculated as follows:

### Section 14(a) Claims

For holders of Talkspace (f/k/a Hudson Executive Investment Corp.) common stock as of the May 19, 2021 record date (the "Record Date") for the special meeting of shareholders held on June 17, 2021 or who were entitled to vote on the approval of the Merger between Hudson Executive Investment Corp. (n/k/a Talkspace) and Groop Internet Platform, Inc. n/k/a Tailwind Merger Sub II, LLC ("Old Talkspace"), based on the proxy statement issued in connection with the Merger (the "Proxy") and still held their respective shares as of the end of the trading day on August 9, 2021 and/or November 15, 2021, the recovery shall be: $9.19 (6/23/21 closing price) less "as of" date price for common shares of (i) $4.82 (8/10/21 closing price), or (ii) $2.16 (11/16/21 closing price).

### Section 10(b) Claims

**Eligible Shares***

\* For HEC Units or HEC common stock purchased prior to July 30, 2020 listing of Talkspace (f/k/a Hudson Executive Investment Corp.) shares, the purchase price shall be $10.10 (July 30, 2020 closing price of Talkspace).  For HEC Units purchased from July 30, 2020 through and including June 22, 2021, the common stock component's purchase price shall equal the closing price for the listed shares.

The allocation below is based on the following inflation per share amounts for Class Period share purchases and sales as well as the statutory PSLRA 90 day-look back amount of $1.83. Furthermore, if any of the formulas set forth below yield an amount less than $0.00, the claim per share is $0.00.

| Inflation Period | Inflation per share |
|---|---|
| June 11, 2020 – August 9, 2021 | $2.34 |
| August 10, 2021 – November 15, 2021 | $1.23 |

For Talkspace shares <u>purchased, or acquired, on or between June 11, 2020 through and including November 15, 2021,</u> the claim per share shall be as follows:

a)  If sold prior to August 10, 2021, the claim per share is $0.00.

b)  If sold on or between August 10, 2021 through November 15, 2021, the claim per share shall be the lesser of: (i) the inflation per share at the time of purchase less the inflation per share at the time of sale; and (ii) the difference between the purchase price and the selling price.

- 16 -

c)  If retained at the end of November 15, 2021 and sold on or before February 14, 2022, the claim per share shall be the least of: (i) the inflation per share at the time of purchase; (ii) the difference between the purchase price and the selling price; and (iii) the difference between the purchase price and the average closing price up to the date of sale as set forth in Table A below.

d)  If retained at the end of February 14, 2022, or sold thereafter, the claim per share shall be the lesser of: (i) the inflation per share at the time of purchase; and (ii) the difference between the purchase price and $1.83.

**Eligible Warrants ***

* For the purpose of calculating an eligible warrant's claim, HEC Units or HEC warrants purchased prior to the July 30, 2020 listing of Talkspace (f/k/a Hudson Executive Investment Corp.) warrants, the purchase price shall be $1.01 (July 30, 2020 closing price of Talkspace).  For HEC Units purchased from July 30, 2020 through and including June 22, 2021, the warrant component's purchase price shall equal the closing price for the listed warrants.

The allocation below is based on the following inflation per warrant amounts for Class Period warrant purchases and sales as well as the statutory PSLRA 90 day-look back amount of $0.24. Furthermore, if any of the formulas set forth below yield an amount less than $0.00, the claim per warrant is $0.00.

| Inflation Period | Inflation per warrant |
|---|---|
| June 11, 2020 – August 9, 2021 | $0.42 |
| August 10, 2021 – November 15, 2021 | $0.25 |

For Talkspace warrants purchased, or acquired, on or between June 11, 2020 through and including November 15, 2021, the claim per warrant shall be as follows:

a)  If sold prior to August 10, 2021, the claim per warrant is $0.00.

b)  If sold on or between August 10, 2021 through November 15, 2021, the claim per warrant shall be the lesser of: (i) the inflation per warrant at the time of purchase less the inflation per warrant at the time of sale; and (ii) the difference between the purchase price and the selling price.

c)  If retained at the end of November 15, 2021 and sold on or before February 14, 2022, the claim per warrant shall be the least of: (i) the inflation per warrant at the time of purchase; (ii) the difference between the purchase price and the selling price; and (iii) the difference between the purchase price and the average closing price up to the date of sale as set forth in Table B below.

d)  If retained at the end of February 14, 2022, or sold thereafter, the claim per warrant shall be the lesser of: (i) the inflation per warrant at the time of purchase;

- 17 -

4883-6701-8074.v4

and (ii) the difference between the purchase price and $0.24.

Table A

| Date | Price | Average Closing Price |
|---|---|---|
| 11/17/2021 | $2.29 | $2.29 |
| 11/18/2021 | $2.20 | $2.25 |
| 11/19/2021 | $2.24 | $2.24 |
| 11/22/2021 | $2.08 | $2.20 |
| 11/23/2021 | $2.17 | $2.20 |
| 11/24/2021 | $2.20 | $2.20 |
| 11/26/2021 | $2.27 | $2.21 |
| 11/29/2021 | $2.23 | $2.21 |
| 11/30/2021 | $2.29 | $2.22 |
| 12/1/2021 | $2.13 | $2.21 |
| 12/2/2021 | $2.09 | $2.20 |
| 12/3/2021 | $2.03 | $2.19 |
| 12/6/2021 | $2.09 | $2.18 |
| 12/7/2021 | $2.14 | $2.18 |
| 12/8/2021 | $2.16 | $2.17 |
| 12/9/2021 | $2.07 | $2.17 |
| 12/10/2021 | $2.03 | $2.16 |
| 12/13/2021 | $1.98 | $2.15 |
| 12/14/2021 | $1.91 | $2.14 |
| 12/15/2021 | $1.92 | $2.13 |
| 12/16/2021 | $1.84 | $2.11 |
| 12/17/2021 | $1.88 | $2.10 |
| 12/20/2021 | $1.87 | $2.09 |
| 12/21/2021 | $1.94 | $2.09 |
| 12/22/2021 | $1.95 | $2.08 |
| 12/23/2021 | $1.98 | $2.08 |
| 12/27/2021 | $1.99 | $2.07 |
| 12/28/2021 | $1.90 | $2.07 |
| 12/29/2021 | $1.91 | $2.06 |
| 12/30/2021 | $1.97 | $2.06 |
| 12/31/2021 | $1.97 | $2.06 |
| 1/3/2022 | $2.05 | $2.06 |
| 1/4/2022 | $1.95 | $2.05 |
| 1/5/2022 | $1.84 | $2.05 |
| 1/6/2022 | $1.83 | $2.04 |
| 1/7/2022 | $1.82 | $2.03 |
| 1/10/2022 | $1.71 | $2.02 |

- 18 -

| Date | Price | Average Closing Price |
|---|---|---|
| 1/11/2022 | $1.70 | $2.02 |
| 1/12/2022 | $1.67 | $2.01 |
| 1/13/2022 | $1.58 | $2.00 |
| 1/14/2022 | $1.55 | $1.99 |
| 1/18/2022 | $1.56 | $1.98 |
| 1/19/2022 | $1.50 | $1.96 |
| 1/20/2022 | $1.49 | $1.95 |
| 1/21/2022 | $1.46 | $1.94 |
| 1/24/2022 | $1.41 | $1.93 |
| 1/25/2022 | $1.39 | $1.92 |
| 1/26/2022 | $1.42 | $1.91 |
| 1/27/2022 | $1.34 | $1.90 |
| 1/28/2022 | $1.39 | $1.89 |
| 1/31/2022 | $1.48 | $1.88 |
| 2/1/2022 | $1.60 | $1.87 |
| 2/2/2022 | $1.47 | $1.87 |
| 2/3/2022 | $1.51 | $1.86 |
| 2/4/2022 | $1.53 | $1.85 |
| 2/7/2022 | $1.63 | $1.85 |
| 2/8/2022 | $1.61 | $1.85 |
| 2/9/2022 | $1.69 | $1.84 |
| 2/10/2022 | $1.61 | $1.84 |
| 2/11/2022 | $1.61 | $1.84 |
| 2/14/2022 | $1.62 | $1.83 |

Table B

| Date | Price | Average Closing Price |
|---|---|---|
| 11/17/2021 | $0.48 | $0.48 |
| 11/18/2021 | $0.44 | $0.46 |
| 11/19/2021 | $0.44 | $0.45 |
| 11/22/2021 | $0.33 | $0.42 |
| 11/23/2021 | $0.38 | $0.41 |
| 11/24/2021 | $0.34 | $0.40 |
| 11/26/2021 | $0.34 | $0.39 |
| 11/29/2021 | $0.33 | $0.38 |
| 11/30/2021 | $0.32 | $0.38 |
| 12/1/2021 | $0.30 | $0.37 |

- 19 -

| Date | Price | Average Closing Price |
|------|-------|------------------------|
| 12/2/2021 | $0.30 | $0.36 |
| 12/3/2021 | $0.25 | $0.35 |
| 12/6/2021 | $0.27 | $0.35 |
| 12/7/2021 | $0.27 | $0.34 |
| 12/8/2021 | $0.27 | $0.34 |
| 12/9/2021 | $0.27 | $0.33 |
| 12/10/2021 | $0.26 | $0.33 |
| 12/13/2021 | $0.26 | $0.32 |
| 12/14/2021 | $0.24 | $0.32 |
| 12/15/2021 | $0.23 | $0.32 |
| 12/16/2021 | $0.21 | $0.31 |
| 12/17/2021 | $0.21 | $0.31 |
| 12/20/2021 | $0.22 | $0.30 |
| 12/21/2021 | $0.22 | $0.30 |
| 12/22/2021 | $0.21 | $0.29 |
| 12/23/2021 | $0.21 | $0.29 |
| 12/27/2021 | $0.20 | $0.29 |
| 12/28/2021 | $0.21 | $0.29 |
| 12/29/2021 | $0.23 | $0.28 |
| 12/30/2021 | $0.20 | $0.28 |
| 12/31/2021 | $0.23 | $0.28 |
| 1/3/2022 | $0.24 | $0.28 |
| 1/4/2022 | $0.25 | $0.28 |
| 1/5/2022 | $0.22 | $0.28 |
| 1/6/2022 | $0.22 | $0.27 |
| 1/7/2022 | $0.23 | $0.27 |
| 1/10/2022 | $0.21 | $0.27 |
| 1/11/2022 | $0.21 | $0.27 |
| 1/12/2022 | $0.20 | $0.27 |
| 1/13/2022 | $0.20 | $0.27 |
| 1/14/2022 | $0.20 | $0.26 |
| 1/18/2022 | $0.20 | $0.26 |
| 1/19/2022 | $0.20 | $0.26 |
| 1/20/2022 | $0.20 | $0.26 |
| 1/21/2022 | $0.19 | $0.26 |
| 1/24/2022 | $0.16 | $0.26 |
| 1/25/2022 | $0.16 | $0.25 |
| 1/26/2022 | $0.17 | $0.25 |
| 1/27/2022 | $0.17 | $0.25 |

4883-6701-8074.v4

| Date | Price | Average Closing Price |
|---|---|---|
| 1/28/2022 | $0.17 | $0.25 |
| 1/31/2022 | $0.17 | $0.25 |
| 2/1/2022 | $0.22 | $0.25 |
| 2/2/2022 | $0.20 | $0.25 |
| 2/3/2022 | $0.18 | $0.24 |
| 2/4/2022 | $0.24 | $0.24 |
| 2/7/2022 | $0.23 | $0.24 |
| 2/8/2022 | $0.23 | $0.24 |
| 2/9/2022 | $0.22 | $0.24 |
| 2/10/2022 | $0.23 | $0.24 |
| 2/11/2022 | $0.25 | $0.24 |
| 2/14/2022 | $0.26 | $0.24 |

For Class Members who held Talkspace securities at the beginning of the Class Period or made multiple purchases, acquisitions or sales during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases, acquisitions and sales for purposes of calculating a claim. Under the FIFO method, sales of Talkspace securities during the Class Period will be matched, in chronological order, first against Talkspace securities held at the beginning of the Class Period. The remaining sales of Talkspace securities during the Class Period will then be matched, in chronological order, against Talkspace securities purchased or acquired during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net overall loss, after all profits from transactions in all Talkspace securities described above during the Class Period are subtracted from all losses. However, the proceeds from sales of Talkspace securities that have been matched against Talkspace securities held at the beginning of the Class Period will not be used in the calculation of such net loss. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

A purchase, acquisition or sale of Talkspace securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. All purchase, acquisition and sale prices shall exclude any fees and commissions. The receipt or grant by gift, devise, or operation of law of Talkspace securities during the Class Period shall not be deemed a purchase, acquisition or sale of Talkspace securities for the calculation of a claimant's recognized claim nor shall it be deemed an assignment of any claim relating to the purchase or acquisition of such security unless specifically provided in the instrument of gift or assignment. The receipt of Talkspace securities during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or acquisition of Talkspace securities. The receipt of Talkspace securities during the Class Period pursuant to a Private Investment in Public Equity

- 21 -

("PIPE") contractual requirement shall not be deemed a purchase or acquisition of Talkspace securities.

With respect to Talkspace securities purchased or sold through the exercise of an option, the purchase/sale of the Talkspace securities is the exercise date of the option and the purchase/sale price of the Talkspace securities is the exercise price of the option. Any recognized claim arising from the purchase of Talkspace securities acquired during the Class Period through the exercise of an option on Talkspace securities shall be computed as provided for other purchases of Talkspace securities in the Plan of Allocation.

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved. If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Class Members. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to any appropriate non-sectarian, non-profit charitable organization(s) serving the public interest.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, or other Person designated by Lead Counsel, Defendants, or Defendants' Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. All Class Members who fail to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you held Talkspace common stock on May 19, 2021, or were entitled to vote on approval of the Merger, or purchased or acquired Talkspace securities during the Class Period for the

4883-6701-8074.v4

beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased or acquired such Talkspace securities during such time period, or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within seven (7) days mail the Notice and Proof of Claim form directly to the beneficial owners of the Talkspace securities referred to herein.  If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the names and addresses for any future mailings to Class Members.  You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners.  Your reasonable expenses will be paid upon request and submission of appropriate supporting documentation.  All communications concerning the foregoing should be addressed to the Claims Administrator at:

*Talkspace Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 301171
Los Angeles, CA  90030-1171

DATED:  _____          _____
                                     BY ORDER OF THE COURT
                                     UNITED STATES DISTRICT COURT
                                     SOUTHERN DISTRICT OF NEW YORK

- 23 -